THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* H. HARVEY SIMON, Appellant.

Court of Special Sessions of the City of New York, Appellate Part, Second Department, March 27, 1946.

*H. Harvey Simon,* appellant in person.

*Myles F. McDonald, District Attorney (Frank Di Lalla* of counsel), for respondent.

*Per Curiam.* Appeal by defendant from judgment rendered in the Traffic District Magistrate's Court, Borough of Brooklyn, on November 21, 1945, convicting him of a violation of subdivision (i) of section 10 of article 2 of the Traffic Regulations of the City of New York.

The complaint charged that on November 2, 1945, defendant: " did violate the provisions of Article 2, Section 10, Subdivision i, of the Traffic Regulations adopted by the Police Commissioner of the City of New York, under authority of Section 435, New York City Charter, in that he did on said above date park a vehicle between the hours of 10:20 P.M. and 11:05 P.M. on 45 Debervouis Place, a public highway, in the Borough of Brooklyn, in violation of restrictions posted on authorized signs of the Police Department, displayed on said public highway, and indicating special parking regulations therefor."

Defendant introduced in evidence three proclamations issued by the Chief City Magistrate pursuant to section 127 of the New York City Criminal Courts Act (L. 1910, ch. 659, as amd.) filed with the City Clerk as follows: (a) proclamation dated and filed December 30, 1941, (b) proclamation dated and filed October 17, 1945, and (c) proclamation dated and filed October 22, 1945. Defendant contends that no fine in excess of $4 as prescribed in the proclamation of December 30, 1941, can be imposed because the two later proclamations fail to contain the recital that a majority of the magistrates consented to the exercise by the chief city magistrate of the powers contained in section 127 of the New York City Criminal Courts Act. Irrespective of the validity of this argument it was essential that the defendant come forward with evidence that the two later proclamations were not in fact consented to by a majority of the city magistrates. The failure to recite the consent in the proclamation does not make the proclamation void, since there is a statement in the proclamation that it was issued in accordance with section 127 of the New York City Criminal Courts Act.

We conclude, however, that since defendant came into court and contested this action the magistrate was empowered to proceed under section 435 of the New York City Charter (1938) which reads as follows: " The commissioner shall make such

rules and regulations for the conduct of pedestrian and vehicular traffic in the use of public streets, squares and avenues as he may deem necessary which shall not become effective until filed with the city clerk and published in the City Record. The violation of such rules and regulations shall be triable by a city magistrate and punishable by not more than thirty days' imprisonment, or by a fine of not more than fifty dollars, or both."

Accordingly the judgment should be affirmed.

BAYES, Ch. J., BURLINGAME and PERLMAN, JJ., concur.

Judgment affirmed.